EASTERN DIST.
*January*, 1839.

MATHEWS
*vs.*
PASCAL'S EX'R.

</div>

---

MATHEWS *vs.* PASCAL'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The plaintiff is bound to set out every fact material to his case, whether it involves a positive or negative; but he is not required to allege the absence or non-existence of facts which might defeat his action.

In a redhibitory action, under the statute of 1834, which presumes a certain class of slaves *runaways at the time of sale*, if they elope within sixty days afterwards, it is sufficient *to allege* that the slave in question *ran away* within a *few days* after the sale, when the evidence shows it was *less* than sixty.

So, if the infliction of unusual punishment is proved, or it is shown the slave has been in the state more than eight months, it destroys the presumption of law, that a redhibitory vice existed at the time of sale; but the plaintiff is not required to *allege* that neither of these facts existed.

Exceptions which come in by way of *proviso*, or in a subsequent statute, are properly matters of defence. [" So, the *proviso* in the registry act, being

by way of exception from the enacting clause, need not be taken notice of in a libel to enforce the forfeiture. It is matter of defence to be set up by the party in his claim." 9 *Wheaton*, 421.]

But it has been held that a plaintiff who claimed the forfeiture of a slave, on its removal from Virginia by a tenant in dower, *without the consent* of the reversioner, or heir, was bound to allege and prove the *absence* of that consent.

It is a general rule that the negative is not to be proved, but this does not apply to a case in which a party charges the other with a culpable omission, or breach of duty; for it is one of the first principles of justice not to presume that a person acted illegally.

Where the plaintiff sues under the act of 1834, which creates the presumption that the slave who runs away within two months after sale, was a *runaway* before the sale, and gives rise to the redhibitory action against the seller, *provided* said slave has not been in the state *more than eight months*; *Held*, that the plaintiff need not allege and prove this fact. It is for the defendant to show that he comes within the *proviso*, as a matter of defence.

This is a redhibitory action, under the act of 1834, which creates the presumption of the redhibitory vice of *a runaway* existing, in relation to slaves, at the time of sale, when they abscond within two months.

The plaintiff alleges, he bought several slaves from the testator of the defendant, (Paul Pascal,) who were fully guaranteed against all the vices and defects prescribed by law, for eight hundred dollars each. That one of these slaves, (Dempsey,) was in the habit of running away at the time of sale, and was afflicted with redhibitory diseases of body, from certain injuries received, which rendered him entirely useless, and of no value; and that *in a few days* after said sale, the slave ran away, and has not since been heard of, although every diligence was used to find him; and, finally, that all these facts were immediately communicated to the said Pascal, who was notified that a rescission of the sale, and return of the price would be claimed from him; but that he has refused to comply therewith.

Pascal having died in the mean time, judgment is demanded

against his executor, rescinding the sale and restoring the <span>EASTERN DIST.</span> price of said slave to the petitioner, with damages and costs. <span>January, 1839.</span>

The defendant pleaded a general denial; and upon these pleadings, and the issue arising thereon, the cause was tried.

The plaintiff relied on the 3d section of the statute passed the 2nd January, 1834, relative to the introduction of slaves into this state, which says: "That the buyer of a slave who institutes a redhibitory action, on the ground that such slave is *a runaway or thief,* shall not be bound to *prove* that such vice exists before the date of the sale, whenever said vice shall have been discovered within two months after the sale; and no renunciation of this provision shall be valid: *Provided,* however, that where unusual punishments have been inflicted, the legal presumption in favor of the buyer shall cease: *And provided; also,* that if any redhibitory, bodily or mental maladies discover themselves within fifteen days after the sale, it shall be presumed to have existed on the day thereof, any law to the contrary notwithstanding: *And provided, also,* that the provisions of this section shall not apply to slaves who have been *more than eight months in this state.*"

The testimony adduced by the plaintiff showed that the slave in question remained *a few days* after the sale, on his plantation, in bad health, occasioned by injuries he had received, and ran away and has not been since found. The evidence showed that the slave ran away in about twelve or fifteen days after the sale, and that this fact, and the circumstances attending it, with the fruitless efforts used to recover him, were immediately communicated to the defendant.

The judge of probates, however, after reviewing the testimony, and the circumstances attending the case, came to the conclusion, "that the running away since the sale was unaccompanied by any circumstances to induce the belief that the slave was in this habit, when owned by the seller. *Louisiana Code,* 2505. Judgment of non-suit was rendered, and the plaintiff appealed.

*Maybin,* for the plaintiff and appellee, contended, that as to the redhibitory vice of running away, the act of the legis-

lature, in relation to the introduction of slaves into this state passed the 2nd January, 1834, raised the presumption that the slave was a *runaway* before the sale, if he eloped within two months afterwards. This is fully shown to be the case here.

2. It is true this presumption ceases, if the slave has been more than eight months in the state, but this is a matter to be shown by the defendant. It is a well settled rule that a party who is to be benefited by, or to avail himself of an exception or *proviso*, must show it as a matter of defence. See the case of the *United States* vs. *Haywood,* 2 *Gallison,* 497; also, 9 *Martin,* 47, and the principle settled in the case of the *Syndics of Morgan* vs. *Fiveash,* 8 *Martin, N. S.,* 590.

*Strawbridge,* for the defendant. The rescission of the sale of this slave is claimed under the provisions of the statute of 1834, on the ground that he was in the habit of running away. Proof was made that he ran away within two months after the sale, but it is not alleged and proved that he had been brought into the state *within eight months.* This must be shown, for the statute only creates the presumption that such a slave is a runaway, when he has *not* been in the state *more than eight months.*

2. It would seem that it is solely a question of evidence when this slave was brought into the state; but it is urged that it is matter of pleading, and in that light it will be considered. The plaintiff is bound to set out every fact material to his case, whether it involves a positive or negative; he should, therefore, have set forth that the slave had ran away within two months after sale, and had not been in the state more than eight months previously.

3. The plaintiff has not even set out the rule or provision of law on which he relies; but only alleges the redhibitory vice of running away, and states that the slave ran away "a few days after the sale, etc." If he does not state the rule, the defendant is not bound to plead the exception; or if he does not set out the statute, and rely on its provisions specially, how can the defendant plead the exception which

it contains? The rule of the common law is, if there be in "a <span style="float:right">Eastern Dist.</span>
clause (in a statute) which is pleaded, *a proviso*, or exception, <span style="float:right">*January*, 1839.</span>
this must be cited, although it make against the party <span style="float:right">mathews</span>
reciting it." 7 *Bacon's Abridgment, title Statute, letter L*, <span style="float:right">*vs.* pascal's ex'r.</span>
page 395. 1 *Chitty's Pleading*, 229. *Hicks* vs. *Calvit*, 5
*Martin*, 691. 9 *ibid.*, 47.

4. But this is not a matter of pleading; it is a question of proof. The plaintiff is bound to allege the facts on which he relies, but he is not required to set forth the evidence by which he means to prove those facts. He has not shown that the slave in question has been in the state less than eight months, which is necessary to establish the redhibitory vice of a *runaway* ; and are we to presume that a slave, of which we know nothing, has been in the state less than eight months, or that he is a stranger, and but recently brought here? In the absence of all proof, any man, black or white, must be presumed a resident of the place where he is found.

5. The plaintiff, in order to rebut this presumption, was bound to show that the slave had been brought into the state *within* eight months. He has neglected this, and must take the consequences. The redhibitory vice of a runaway is not established without this being shown, and the plaintiff fails in his action.

*Martin, J.*, delivered the opinion of the court.

The plaintiff seeks to set aside a judgment of non-suit, and to obtain the rescission of a sale of a slave sold him by the defendant's testator. The general issue was pleaded.

The slave was sold on the 12th of May, 1835 ; was sent to the plaintiff's plantation two or three days afterwards, and on the twenty-seventh of the same month ran away, and has never since been heard of.. The testimony shows that the defendant admitted his liability, but urged that it ought to be restricted to one-half, as 'he had no greater interest in the slave sold.

By the act of assembly of 1834, section 3, and page 7, it is provided, that in redhibitory actions, on the score of the

EASTERN DIST.
January, 1839.

MATHEWS
vs.
PASCAL'S EX'R.

The plaintiff is bound to set out every fact material to his case, whether it involves a positive or negative; but he is not required to allege the absence or non-existence of facts which might defeat his action.

In a redhibitory action, under the statute of 1834, which presumes a certain class of slaves, *runaways at the time of sale*, if they elope within sixty days afterwards: it is sufficient *to allege* that the slave in question, *ran away* within a *few days* after the sale, when the evidence shows it was *less* than sixty.

So, if the infliction of unusual punishment is proved, or it is shown the slave has been in the state more than eight months, it destroys the presumption of law that a redhibitory vice existed at the time of sale; but the plaintiff is not required to *allege* that neither of these facts existed.

Exceptions which come in by way of *proviso*, or in a sub-

slave being a runaway, the plaintiff shall not be bound to prove, that the habit of running away existed before the sale, when the vice is discovered within two months after it.

But the defendant contends, that the plaintiff was properly non-suited, because the petition does not state that the slave had not been eight months in the state; neither was this proved.

He further urges, that the plaintiff is bound to set out every fact material to his case, and this is required, whether such fact involves a positive or negative.

This we admit. It is true, the petition alleges that the slave ran away a few days after the sale ; while it is contended, that it ought to have been alleged, that the running away was within sixty. The expression, a few days, perhaps excludes a greater number of days, than that which constitutes the next division of time, a week or a month. On this, we express no opinion, as the number of days has, by evidence, introduced without any objection, been shown to be less than sixty, *to wit :* fifteen.

Although the plaintiff be bound to state every fact which is necessary to maintain his action, he is under no obligation to aver the absence or non-existence of facts which may defeat it. The infliction of unusual chastisement is a fact, which, if proved, would have defeated his right to the presumption created by the act of 1834, as well as proof of the slave having resided more than eight months in the state before the sale ; yet even the counsel of the defendant has not contended, that the plaintiff ought to have averred that no unusual chastisement had been inflicted.

He urges, that the rule of the common law is, that if there be, in the clause of a statute which is pleaded, *any proviso* or exception, this must be cited, though it make against the party reciting it. 7 *Bacon's Abr. tit. Statute, letter L., page* 395.

Bacon, in the article from which this quotation is taken, treats of the *pleadings* of statutes. The statutes, therefore, he speaks of, must be private ones, which alone are to be pleaded ; public ones need not be. In this article, however,

and within a very few paragraphs, he says, "That no person is obliged to recite in pleading, any more of a statute, than the clause which makes for himself." *Idem.*

The plaintiff's counsel has replied, that it is a "well settled rule, that a party who is to be benefited by, or to avail himself of, an exception or proviso, must show it. Judge Story, in the case of the United States *vs.* Haywood, 2 *Gallison*, 497, says, "exceptions which come in by way of proviso, or in subsequent statutes, are properly matter of defence for the defendant." See *The Margaret; Haley, claimant,* 9 *Wheaton,* 421.

In the case of *Hicks and Wife* vs. *Martin,* 9 *Martin,* 47, it *was held,* that the plaintiff who claimed the forfeiture of the right to a slave, on its removal from Virginia, by a tenant in dower, without the consent of the heir, was bound to allege and prove the absence of that consent. The court say, that although it be a general rule, that the negative is not to be proved, it does not apply to a case, in which a party charges the other with a culpable omission or breach of duty; for it is one of the first principles of justice, not to presume that a person has acted illegally. This case cited by defendant's counsel, does not appear applicable to the present.

He further contends, that the presumption must be, that the slave had been more than eight months in the state before the sale; because the very greatest part of the slaves in the state have been so.

If this be a violent presumption, which is equivalent to a proof, the defendant must have entitled himself to the use of it by averring the fact. It appears to us, indeed, the weak presumption which moves not at all. The very greatest part of the inhabitants of New-Orleans, are citizens of the United States; yet the inhabitant who claims the rights of a citizen, will not successfully claim it, on the presumption arising from this circumstance. The very greatest part of those inhabitants pay some tax; yet, the voter at the poll, is rejected, if he does not show that he himself has paid a tax.

It very seldom happens, that the purchaser of a slave, from a negro trader, or stranger, can show, whether or not the

EASTERN DIST.
January, 1839.

MATHEWS
vs.
PASCAL'S EX'R.

sequent statute are properly matters of defence. So, a proviso in the registry act, being by way of exception from the enacting clause, need not be taken notice of in a libel to enforce the forfeiture. It is matter of defence to be set up by the party in his claim. 9 Wheaton, 421. But it has been held, that a plaintiff who claimed the forfeiture of a slave, on its removal from Virginia by a tenant in dower, *without the consent* of the reversioner, or heir, was bound to allege and prove the *absence* of that consent. It is a general rule, that the negative is not to be proved, but this does not apply to a case in which a party charges the other with a culpable omission or breach of duty; for it is one of the first principles of justice not to presume that a person acted illegally. Where the plaintiff sues under the act of 1834, which creates the pre-

EASTERN DIST.

January, 1839.

HEBERT
vs.
HUDSON ET AL.

sumption that
the slave, who
ran away within
two months after
sale, was a *run-
away* before the
sale, and gives
rise to the red-
hibitory action
against the sell-
er ;   *provided,*
such a slave had
not been in the
state *more than
eight     months*:
*Held,* that the
plaintiff need not
allege and prove
the fact. It is
for the defend-
ant to show that
he comes with-
in the *proviso,* as
a matter of de-
fence.

slave has been eight months in the state.  It very seldom happens, however, that the vendor cannot, or is unable to make this proof.

It is a good rule, to require the production of evidence from him, who is presumed to have it in his power ; and there is a peculiar reason to enforce this rule in a case like the present.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be annulled, avoided and reversed ; that the sale of the slave Dempsey be rescinded, and that the plaintiff recover from the defendant the sum of eight hundred dollars, to be paid by the latter in the due course of the administration of his testator's estate, with costs of suit in both courts.