By the Court, Robertson, Ch. J.
The order appealed from in this, case not only strikes out two defenses as false and sham, as well as irrelevant and redundant, but also some of the allegations of two other defenses, for the same reasons. Separate allegations or part of a defense cannot be stricken out as sham or false. (Slack v. Cotton, 2 E. D. Smith, 398. Bell v. Ogden, 13 Abb. 93, n.) No such piecemeal mode of trying issues can he tolerated. (Littlejohn v. Greeley, Id. 311.) Hor can a whole defense be stricken out as irrelevant or redundant. Upon an irrelevant defense *89 either a judgment may be moved for, if it stands alone, or it may be demurred to or disregarded on the trial if there are other defenses. If a defense be relevant, irrelevant or repetitious matter in it may be struck out, but in such case the defense must be still left to stand in substance, after striking out such matter as was there before.
The order in question strikes out from the first defense, which is personal to the defendant, every particle of new matter set up as a defense, and leaves therein only two admissions, by which the defendant acknowledges in -one that he subscribed for a certain number of shares of stock of the company against which the plaintiff holds a judgment, at a time before the debt, upon which such judgment was obtained accrued, and in the other that not half of the capital stock was paid in. These admissions undoubtedly do not constitute any part of the original defense, as such, and strictly might have been stricken out as redundant, since the mere omission to deny the allegations to that effect in the complaint would have operated as an admission. Such order also strikes out from the second defense all new matter therein set up as a -defense, and leaves only incoherent and, (standing by themselves,) unintelligible allegations. The first alleges that some undefined contract having been made, a company, referred to in such contract, was on a certain day (December 4, 1864,) duly organized, and is the same as that mentioned in the complaint, and such contract was on that day duly transferred to it; the second, that such company had paid to Lindsley & Cotterell (the original judgment creditors mentioned in the complaint,) on account of such purchase, a certain sum ($26,500;) and the third that such company was not in January, 1866, indebted to said Lindsley & Cotterell in the full amount “ thereof” without stating of what or in any sum whatever.
It is very evident that the admissionsin the first defense, *90 of the defendant’s subscription for stock as originally inserted, was modified by subsequent allegations of fraudulent representations on behalf of the company, by which he was induced so to subscribe, so that it could not have been read at the trial by the plaintiff as a simple admission, but piust have carried with it all such allegations, which the defendant could then have read on his own behalf. He also insisted, that the subscription,' which he admitted, was void, by reason of fraudulent misrepresentations. While even such admission was left as a fragment of a defense, with every thing else struck out which qualified it, the whole defense was not struck out as sham or frivolous. And I am not aware of any principle of law which entitles either party, to have stricken out of an entire defense or pleading, whatever controverts his right, as sham and frivolous, and that part alone left which admits what is necessary to sustain his case. The parts stricken out, were "not so stricken out, for either irrelevancy or redundancy, because nothing was left by which to test either. The order" appealed from was therefore clearly erroneous, for striking out either too much or too little.
Hnder the mode, in which the order appealed from deals with the first defense, I do not think we ought.to express any opinion as to the merits of such defense, as they may come up on a demurrer to it. I am inclined to think the learned justice, who .made the order, labored under the impression, that it was not alleged therein, that the fraudulent representations therein set forth were made by the corporation, whereas it is expressly charged therein, that the representations, at least as to the productiveness of the oil wells therein mentioned, were made by the corporation. It is not necessary to take into view, the other representations, as to the realization of a certain amount of money and the application of it in a certain way; for being merely promissory, they may be disregarded. There *91 is no contradiction of any of such allegations in any affidavit on the part of the plaintiff so as to render the answer sham. If the validity of such defense were fairly before the court, it would be a. serious question, which does not seem yet to be fully settled, how far a stockholder of a company, induced to become so by its fraud, can escape liability to a creditor, in a proceeding directly by such creditor against him. (Bell’s case, 22 Beav. 35. Ex parte Ginger, 5 Ir. Ch. 174. Brockwell’s case, 4 Drew. 205. Nicoll’s case, 5 Jur. N. S. 205. Ayre's case, 25 Beav. 113. Henderson v. Royal Br. Bk. 7 E. & B. 356, E. C. L. 90. Daniel v. The Same, 1 H. & N. 681. Powis v. Harding, 1 C. B. N. S. 533, E. C. L. 87. Howard v. Shaw, 9 Ir. Law Rep. 335.) It had therefore better be left for consideration, on a motion to strike out the whole defense for irrelevancy, or, more properly, on a demurrer, as no court would probably hold that the defense was clearly frivolous.
The defense secondly set up in the answer is one to the" liability of-the company upon the original cause of action, on which the judgment was recovered. The same remarks are applicable to the parts stricken from this, as to those stricken from the first defense. Part of it is left, consisting of allegations unintelligible by themselves, as to a transfer by some unknown purchaser to the company, (involving the payment by them of some money to Lindsley & Cotterell,) and a denial of indebtedness to the latter. This last allegation might stand perhaps as a defense, even unaccompanied by any other allegations, but it was evidently part of an entire defense, and the whole should have been struck out, or none. The affidavit of the plaintiffs’ attorney undoubtedly tends to show, that Lahens was personally the only one with whom Lindsley & Cotterell dealt} but it does not deny that the former, (as alleged in such second defense,) acted in such negotiations with the latter, on behalf of the company, and the con *92 tract between such parties for the purchase of land recites, that such company was to own and use such property. The allegations of such second defense are not therefore shown to be false, and the defense itself therefore sham. It is too serious a question, upon which to express any opinion, unless on more full argument, how far, notwithstanding misrepresentations fraudulently made by vendors of land to the agent of a future company, (whose organization is contemplated by both parties, as well as the transfer to them, when organized, of such lands,) when their obligations are subsequently received for its purchase money, the vendors can recover them; particularly where the original contract was not performed, either as to the time fixed thereby for the delivery of deeds or the persons to whom they were to be executed. The settlement of that question had also better be left to the determination of a motion to strike out the whole, or what is ‘more appropriate, a demurrer. I may also remark that the literal terms of the order leave in, the whole of the certificate of the execution of the contract' in the second defense without the .contract itself. I think this part of the order was also erroneous.
The fourth and fifth defenses are against any liability by the defendant for the original cause of action. In the first of them, he denies that he was a stockholder, when the purchase on behalf of such company, mentioned in the second defense, was made. There may possibly be some question, how far the two defenses may be consistent ; that is, if the execution of the deeds to such company in June, 1865, and the delivery of their notes to the assignors of the plaintiff at that time, be looked upon as an execution of the first contract made by the company, for which the defendant is sought to be made liable; because the original contract with' Lahens was not performed according to its terms, in January previous; in such case *93 the defendant should have been only required to elect. As it is, the question also is too serious how far a new contract entered into by a company after the non-performance of or as a substitute'for a previous one, may be considered as binding upon those who have become stockholders in the mean time, to justify striking out such a defense on a motion, as irrelevant. ISTo argument seems to have been presented on the point at special term, and it was but slightly alluded to in the argument before us. The plaintiff’s point, that there is no indebtedness on an executory contract, until it is fulfilled, for which Garrison v. Howe, (17 N. Y. Rep. 465,) is cited as authority, might still be doubted, as that case arose on the interpretation of the twelfth section of the act in regard to the liability of trustees, which uses only the term “ debts,” while the section under which the defendant. is sued, speaks both of debts and contracts. Besides, by the terms of the contract of Lahens, the deeds were only deliverable on the payment of the money, while in Garrison v. Howe, (ubi sup.) the company were not to be liable until the delivery of the lumber. If the action in that case had been for damages for not taking the lumber, instead of for its price, the rule might have been different.
The last defense was objected to, only because it was not a complete bar. I apprehend, that that technicality is done away with, and a partial defense, such as part payment, may always be pleaded. Besides, there is a grave question presented, whether a release by the plaintiff of one of several joint stockholders in a company, is not a • discharge of all.
As to the third defense, it is admitted to be good as it stands, but the defendant is called upon to make it more definite and certain, by an independent allegation, whether the stock owned by the plaintiff’s assignors was given for the lands, the boring and mining of which was the pur *94 pose of the company in question. I do not see that that would make it less indefinite or uncertain. What the stock was given for, is an entirely separate fact, not making the quantity or description of stock more definite. If it was such stock, that was a matter to come from the other side by way of rebuttal, or perhaps the defense might have been struck out as sham, on proof of the fact.
On the whole, therefore, I think the plaintiff should have been left to his remedy on demurrer or on the trial, and that none of the defenses were so plainly and palpably sham as to have justified their being stricken out on motion, even if they had been as such. The denial in the first defense of the allegation in the complaint, of the delivery of the company’s notes to Lindsley & Cotterell for a valuable consideration, was not inconsistent with the allegation in the second defense, that such notes were given in payment of the purchase money for the land in question, if it was worthless, as the defendant alleges.
The order in this case must be reversed, without costs to .either party.