WEST,
SYNDIC, ETC.
*vs.*
M'CONNELL.

WEST, SYNDIC, &c. *vs.* McCONNELL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The pendency of a suit, no matter by what process commenced, in the court of another state, cannot be pleaded to an action instituted in a court of this state.

An attachment, issued in a suit in another state, on the same cause of action, may modify the relief to which the party is entitled in a court of this state.

Where the records of two suits in another state, sewed together, were duly certified by the clerk, on the 13th and 14th of a certain month, and the judge certified, at the end of the second record, to the official character of the person acting as clerk on those days; *held,* that the judge's certificate was sufficient, no proof of fraud in annexing the records having been adduced.

It is unnecessary for a party to specially plead matters which may or may not become material, according to the course which his adversary may adopt.

The insolvent, previously to his failure, had accepted and paid bills of exchange drawn upon him by the defendant, residing at Nashville. The bills, and the balance of account in the plaintiff's favor, amounted to three thousand six hundred and forty-six dollars and fifty-one cents, to recover which this suit was brought. A writ of attachment was issued, under which a quantity of merchandise was seized. Judgment was rendered for the plaintiff. On motion of defendant's counsel, a new trial was granted, and afterwards a second judgment was rendered for the plaintiff, from which the defendant appealed.

*Kelly,* for appellant, contended,

I. That the pendency of a suit, by foreign attachment in Kentucky, for the same debt, is a good plea in abatement to

EASTERN DIS.
May, 1833.

another suit afterwards brought in this state, by foreign attachment, for the same debt.

WEST,
SYNDIC, ETC.
vs.
M'CONNELL.

2. That the seizure of property enough to pay the debt, under the lawful authority of any court, either on original or final process, operates a discharge of the debt.

3. That a seizure of double the amount of the debt, is illegal, excessive and unjust.

4. That judgment should have been given for the defendant.

Carleton and Lockett, for appellee.

PORTER, J. delivered the opinion of the court.

This suit is brought to recover from the defendant, a debt due to the insolvent previous to his failure, and an attachment was levied on property of the defendant, found within the jurisdiction of the court.

There were two trials in the court below, and on both the decision was in favor of the plaintiff. The proceedings in the court below, and the causes which induced the judge to order a new trial, need not be set out, as the case turns on matters which are not affected by them. The existence of the debt appears to be sufficiently proved. The principal question in the cause, relates to the effect which an attachment should have, that was levied by the plaintiff on goods of the defendant in the state of Kentucky, and which attachment was in force at the the time this suit was instituted.

The defendant has pleaded the suit in Kentucky, on which the attachment issued, in abatement of the present action; and he has further pleaded, that the plaintiff had, previous to the institution of this suit, funds belonging to the defendant to an amount sufficient to satisfy the claim of the petitioner.

On the first point, we think, the pendency of a suit for the same cause of action, in another state, cannot abate a suit in our courts; and the principles on which this doctrine has been established, and so generally recognised, are not at all

The pendency of a suit, no matter by what process commenced

54

EASTERN DIS.
May, 1833.

WEST,
SYNDIC, ETC.
vs.
M'CONNELL.

affected by the process which the plaintiff may resort to in another country to enforce or assure his rights. We cannot distinguish between the effect of a suit in which attachment issued, and one where the defendant was arrested and held to bail.

*in the court of another state, cannot be pleaded to an action instituted in a court of this state.*

But though that attachment cannot deprive the plaintiff of the aid of our courts to enforce his rights, we are of opin-

*An attachment issued in a suit in another state, on the same cause of action, may modify the relief to which the party is entitled in a court of this state.*

ion, for reasons which will be given hereafter, that it may have effect in modifying the relief to which he is entitled here; and it therefore becomes necessary to examine the exceptions taken to the evidence by which the defendant attempted to establish the pendency of the suit in Kentucky.

The defendant produced in evidence, two records, sewed together. One, of the suit of the present plaintiffs against the defendant, and another, of the suit of the Bank of the United States against the plaintiffs, by which they attached and seized the debt the petitioner was attempting to recover from the present defendant.

At the end of the first record there is a certificate of the clerk in due form, but it is not followed by that of the judge. At the end of the second, there is also a certificate of the clerk in due form of law, and to this the following certificate of the judge is added. " I, Thomas T. Crittenden, sole judge of the Jefferson Circuit Court, in the state of Kentucky, do certify that Worden Pope, whose certificates and attestations are made to accompany this record, was, on the days of his certificates and attestations, viz : on the 13th and 14th days of November, 1832, clerk of the Jefferson Circuit Court in Kentucky, and keeper of the seal of said court; and that his certificates are in due form of law, and entitled to full faith and credit."

On referring to the attestations of the clerk, we find that one of them was made on the 13th and the other on the 14th, as the judge states. It is contended that his certificate cannot justify the introduction of the first record, because *non constat*, that is, that which he refers to; that another record might have been obtained and attached to the last

EASTERN DIS.
May, 1833.

WEST,
SYNDIC, ETC.
vs.
M'CONNELL.

made out; and that such a loose mode of introducing documents would afford means for the practice of fraud.

It is not suggested that any attempt to substitute one record for another, was made here. Such an act would be highly criminal, and the court cannot presume it. We are satisfied in the present instance, that the certificate of the judge refers to the two attestations of the clerk produced in evidence, and we see nothing in the act of Congress which authorises us to reject them, because the judge certified both at the same time.

But another objection is made to the introduction of the record on the part of the United States Bank against the plaintiff. It is contended that the defendant should have specially pleaded the existence of the suit. We think otherwise. It is not necessary for a party to set out all the evidence on which his case is to be maintained; and more particularly, it is not required to set out matters which may or may not become material, according to the course which his adversary may adopt. In the present case, the *gist* of the defence was the attachment previously levied by the plaintiff, on property of the defendant, for the same debt. The circumstance of the right of the plaintiffs in that debt being subsequently attached, was only important in giving further effect to that suit, and in showing that there existed impediments to the plaintiff's releasing him from the consequences of it, if he attempted to do so, to enable him to recover here.

> Where the records of two suits in another state, sewed together, were duly certified by the clerk on the 13th and 14th of a certain month, and the judge certified at the end of the second record, to the official character of the person acting as clerk on those days; held that that the judge's certificate was sufficient, no proof of fraud in annexing the records having been adduced.

> It is unnecessary for a party to specially plead matters which may or may not become material according to the course which his adversary may adopt.

The fact of the Bank of the United States having attached the plaintiff's *right to the debt* due by the defendant, would not, indeed, be at all material in this case, were it not for a proposition made by the plaintiff, that he was willing to renounce all benefit to the action pending in the state of Kentucky, and to make that entry on the record.

We have already stated, that the pendency of the suit in Kentucky, cannot be pleaded in *abatement*, so as to cause the dismissal of the action brought in our courts, but we think the facts disclosed by the record of that suit, offer controling considerations, why the judgment to be rendered in this

EASTERN DIS.
*May*, 1833.

WEST,
SYNDIC, ETC.
*vs.*
M'CONNELL.
case, should not be absolute. It appears that the plaintiff has there seized and taken into possession, a large amount of property belonging to the defendant. If this property had been delivered to him as a pledge or deposit, or as a collateral security for his debt, he could not seize other property to satisfy his debt, without returning that which he had received to secure the payment. We cannot distinguish between such cases, and those where he has resorted to the aid of a court of justice to obtain possession; and we, therefore, think the judgment should be conditional, that the plaintiff is not to issue execution, until he returns the property seized in Kentucky; or, if he prefers to proceed there and have it sold, until he credits this judgment with the net proceeds of the sales, or with the sum he may recover from the garnishees.

He contends that the release offered by him to put on record, accomplishes this object, and insists that the United States Bank cannot interfere with his control over a suit which he commenced. We do not think that the rights of the defendant should depend on that contingency. The question is by no means free from difficulty, and we do not know how the courts of Kentucky will decide it. The plaintiff cannot complain of this delay; he has by own act, placed the defendant in a situation where there is great risk he may be compelled to pay the same debt twice, if one should render judgment against him unconditionally. It is right, therefore, that he should bear the delay necessary to have the possibility, or rather probability of so gross an injustice being removed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff do recover of the defendant, the sum of three thousand six hundred and forty-six dollars and fifty-one cents, with costs of suit. And it is further ordered and decreed, that no execution shall issue on said judgment, until the plaintiff shall produce and file in the records of the District

Court, evidence that the attachment issued by him in the Jefferson Circuit Court of the State of Kentucky, shall have been dismissed with leave of that court; or that, if he proceeds to final judgment in said cause, until he enters as credit on the judgment now rendered, the net amount of the proceeds of the property so attached by him in the said court; and it is further ordered, that the appellee pay the costs of this appeal.