Since our decision given in this case at a former term, the plaintiff has amended the first count in his declaration by alleging therein the existence of a Massachusetts statute under which the cause of action declared on survives in that commonwealth. The defendant demurs. In support of the demurrer it is argued that the statute has no extra territorial force, and therefore cannot make the cause of action survive so that suit thereon can be maintained in this State; that in fact it is not the original action which is made to survive, but a new action is created in place of it. The Massachusetts statute enacts that "in addition to the actions which survive at common law, the following shall also survive," specifying actions "of tort for assault, battery, imprisonment, or other damage to the person," among others. Evidently the purpose was to put the actions specified on a footing in respect of survivorship with actions that survive at common law, and we see no reason why the purpose should not have effect. If the action kept alive by the statute is to be regarded as utterly new, it follows logically that it will be entitled to a new term of limitation under the statute of limitations, but we are not aware that this has ever been claimed. But whether the effect of the statute be to create a new action or to give continuance to the old, the result for the purposes of this case is in our opinion the same. Of course a cause of action created by statute may be purely local, or it may be penal, or, if simply personal, it may be too peculiar in proceeding or character for enforcement elsewhere; but ordinarily the rule which seems to us to be the better established is, that a right of action created by statute in one state may be prosecuted in another, when the two states have statutes relating to the subject which are substantially similar. Cooley on Torts, 2d ed. *266; Leonard v. Columbia Steam Navigation Co. 84 N.Y. 48; Debevoise v. N.Y., L.E. W.R.R. Co. 98 N.Y. 379; 50 Amer. Rep. 683; Morris v. Chicago, R.I. Pacific R.R. Co. 65 Iowa, 727; 54 Amer. Rep. *Page 396 
39; Chicago, c. R.R. Co. v. Doyle, 60 Miss. 977; Burns,Adm'r, v. Grand Rapids Ind. R.R. Co. 113 Ind. 169; Knight
v. West Jersey R.R. Co. 108 Pa. St. 250; Missouri P.R.R. Co.
v. Lewis, 24 Neb. 848; Herrick v. Minneapolis St. LouisR.R. Co. 31 Minn. 11; Scott v. Lord Seymour, 1 H. C. 219. So much seems to be due from one state to another as a matter of comity, which, out of regard for the state's honor and good name, the courts of a state are bound to respect. There are courts which go further and hold that the action is maintainable, without regard to similarity of legislation, if it be not contrary to the law or policy of the state where it is brought.Dennick v. Railroad Co. 103 U.S. 11; Stoeckman v. TerreHaute, c. R.R. Co. 15 Mo. App. 503. The more guarded rule suffices for the case at bar, since our statute of survivorship, relating to actions like this, is substantially the same as that of Massachusetts. The demurrer is overruled.
The defendant makes a motion for leave to file a plea in abatement as of a day prior to the filing of the demurrer to the amended declaration. The proposed plea accompanies the motion and alleges two causes for abatement. The first is that the plaintiff, on December 13, A.D. 1888, brought an action against the defendant, in the Superior Court for the county of Suffolk in Massachusetts, for the same cause for which the action here was brought. The declaration, as originally filed in the action here, was declared to be bad on demurrer, May 4, A.D. 1889, and was not amended so as to remedy the fault until July 31, A.D. 1889. It is argued that the Massachusetts action is the prior action because it was brought prior to the amendment. We do not consider it material to decide whether it is or not, since it is well settled that prior pendency is not cause for abatement, unless the prior and subsequent actions are both pending in the same jurisdiction.West Syndic, c. v. McConnell, 5 La. 424; 25 Amer. Decis. 191, and cases cited in note, p. 195; Hatch v. Spofford, 22 Conn. 485; 58 Amer. Decis. 433; Smith v. Lathrop, 84 Amer. Decis. 448, and note; White v. Whitman, 1 Curtis, 494, 496; Bowne
v. Joy, 9 Johns. Rep. 221; Walsh v. Durkin, 12 Johns. Rep. 99.
The second cause alleged is that, October 9, A.D. 1888, the plaintiff applied to a probate court of Massachusetts to be appointed *Page 397 
administrator in that State on the estate of his intestate, and that, October 16, A.D. 1888, he was so appointed, and that his appointment is still in force; that by the statute law of Massachusetts, when administration is taken there on the estate of a nonresident decedent, the estate found there is to be applied there primarily to the payment of the Massachusetts creditors, and that only the residue, remaining after such creditors are paid, is either to be sent for administration to the state of the domicil, or to be distributed there according to the laws of the state of the domicil. The plaintiff's intestate was an inhabitant of Rhode Island. The defendant contends that the cause of action in suit here accrued to said intestate in Massachusetts, that it is a Massachusetts asset, that it is the duty of the plaintiff, as administrator in Massachusetts, to reduce it to possession there for disposition under said statute law, and that, having power to do so, he has no right to prosecute his action in this State. According to this construction, if a foreign administrator takes out ancillary administration in Massachusetts for the purpose of prosecuting there a cause of action which accrued there to his intestate, he has no right afterwards, so long as he can prosecute it there under his appointment, to prosecute it elsewhere, even in the state of the decedent's domicil, though he may find it greatly to his convenience to do so. We do not think that this is what the Massachusetts statute means. It is "the estate found" in Massachusetts that is to be applied primarily to the payment of the Massachusetts creditors, and it does not seem to us that achose in action can be regarded as found there, within the meaning of the statute, so long as it may be reduced to possession elsewhere. It certainly cannot be applied to the payment of creditors, pursuant to the Massachusetts statute, so long as it is unreduced. In other words, we do not think the statute can be regarded as intended to restrict, or as restricting, the right of the principal administrator to recover, wherever he can, the assets of his intestate, but only to establish a rule for the disposition of such of them as are recovered in Massachusetts by the administrator there appointed. Moreover, the statute was intended for the benefit of Massachusetts creditors, and it does not appear that the intestate had any such creditors. The statute referred to is Pub. Stat. Mass. cap. 138, §§ 1-5. *Page 398 
The counsel for the defendant, in their brief, referring to the fact that the plaintiff has, besides his action in Massachusetts before mentioned, also brought an action there to recover for the death of his intestate, contends that both actions are not maintainable. We find nothing, however, in the pleadings on which such a question can be raised.
The motion is denied and the demurrer overruled.