The opinion of the court was delivered by
Monroe, J.
Plaintiffs, who are liquidating commissioners, sue as *1518 holders and owners of a promissory note, of which the following is' a copy, to-wit:
“Parish of Assumption, La., June 23, 1893.
“On the fifteenth of February, next, 1894, I promise to pay to the “ order of Wm. W. Pugh, agent and attorney in fact of Mrs. Mary E. “ Flower, Dr. Thomas B. Pugh, Lawrence IT. Pugh, Edward N. Pugh, “ P. Sidney Pugh, and Francis W. Denny, at the Bank of Commerce “of New. Orleans, La., the sum of five thousand dollars, for value “ received, with interest at the rate of eight per cent, per annum, from “ this date, until paid.
“(Signed) Wm. W. Pugh,

“Agent and Attorney in Fact.

“Ne varietur. Secured by an act of mortgage, on Mount Lawrence, “ Parish of Assumption, La., passed before me, this 23rd day of June, “ 1893.
“(Signed) Pierre L. Gilbert,

“Notary Public.”

The indorsement' upon the back of the instrument is in accordance with its tenor.
The petition alleges that Wm. W. Pugh, as agent and attorney in fact of the parties named, executed three notes, one for $2,500, payable December 5th, 1893, and two, for $5,000 each, payable, respectively, January 15th, and February 15th, 1894, (that held by the petitioners being the last one mentioned), and that, in order to secure the payment of the same, he executed an act of mortgage, in the name of his said constituents, 'on certain property, which is described, all under and by virtue of, a power of attorney annexed to said act.
The act of mortgage referred to rercites, that:
“Col. Wm. W. Pugh, herein acting for and on behalf of Mrs. Mary E. Pugh, widow of William F. Flower,” etc., (naming his constituents, as they appear on the face of the note) “by virtue of a power of “ attorney, general and special, hereto annexed and made part hereof “ for reference * * * declares that his said above named constitu- “ ents are truly, justly, and legally indebted to, and unto, Lawrence IT. “ Pugh, Esq., * * * in the full and entire sum of twelve thous- “ and, five hundred dollars, for a loan of money. And, in representa- “ tion of said indebtedness, the said W. W. Pugh, in his said capacity *1519 “ of agent and attorney in fact of the above named appearers has, “ under date of these presents, made and subscribed his three certain “promissory notes; one thereof for the sum * * * payable “ * * * to his own order, as agent, and indorsed in blank by him, “ also as agent aforesaid * * * now, therefore, in order to secure “ the punctual payment * * * . the said mortgagors declare that “ they do, by these presents, mortgage, affect, and specially hypothe- “ cate in favor of said mortgagee, and to inure to the use and benefit “ of any and all future holders of said notes, the said L. H. Pugh “ being here present, and accepting, the following described property, “ which the said mortgagors promise not to sell, alienate, or encumber, “ to the prejudice of this act,” etc. And the instrument was signed by said Wm. W. Pugh, as agent, and by Lawrence H. Pugh, (who accepted the mortgage) and was thereafter duly recorded.
The petitioners further allege that they have called on the recorder for a certified copy of the power of attorney referred to in said act of mortgage, and that he was unable to furnish the same, for the reason that the original had disappeared from his office, and was not to be found, and they reserve the right to prove the execution and contents of the same. The prayer of the petition is for citation and judgment, with recognition of mortgage, and for the seizure and sale of 'the mortgaged property.
Certain exceptions were filed in the lower court, but, in' this court, the only defense urged is that William W. Pugh was not authorized to execute the note and act of mortgage sued on.
It appears from the evidence that the defendants were the testamentary heirs of Eobert L. Pugh; that the Mount Lawrence plantation was part of the estate acquired by them as such heirs; and that they appointed William W. Pugh, who is the father of all of them, except W. E. Denny, of whom he is the grandfather, to represent their interests in said succession, by means of a power of attorney, which reads as follows, to-wit:
“State op Louisiana, Parish op Assumption,
“September 7, 1891.
“Know all men by these presents, that we, Philip S. Pugh, Edward “N. Pugh, * * * have appointed, and by these presents, do “ appoint Ool. William W. Pugh, of the Parish of Assumption, Louis- *1520 “ iana, our true and lawful agent and attorney in fact, for us, and in “ our name, place and stead, to manage, control, take charge of, com- “ promise and do any and all things, necessary and requisite, touching “ and concerning our interests in the succession of the late Robert “ Lawrence Pugh, and to make any and all 'settlements for us, and “ (in) our behalf, with the legatees under the last will and testament “ of the said R. L. Pugh, vesting our said attorney and agent, with full “power and authority to do any and all acts that we might do if “ personally present, and ratifying all that our said agent and attorney í^in fact may do, or cause to be done, by virtue of this power of “ attorney.
“Done and signed in the Parish of Assumption, on this, the day, “ month and year, first above written.
“(Signed) Philip S. Pugi-i.
“Edward N. Pugi-i.
“Ti-io. B. Pugi-i.
“Lawrence, PL Pugii.
“W. W. Pugh, Jr.
“Annie .T. Pugi-i.
“Mary E. Flower.
“W. F. Denny."
It further appears that, neither at-the date of the execution of the note and act of mortgage sued on, nor at any other time, has W. W. Pugh held any other procuration, the attempt to prove the contrary having failed. There is no doubt that, at the time tliat the note and act of mortgage were executed, he supposed that the power of attorney held by him conferred the authority which he undertook to exercise, but the bare reading of it shows that it did not. C. C. 2992, 2996, 2997, 3305; Folger vs. Peterkin, 39 Ann., 815; Whelage vs. Lots, 44 Ann., 600.
It is urged by plaintiff’s counsel that the authority to manage a plantation carries with it the authority to make notes for the purposes of such management. That question has been frequently considered by this court, and, in Folger & Co. vs. Peterkin, 39 Ann., 815, it was said: “Whether there exist professions, or functionaries, the nature of “ whose functions would include the right to bind their employers by “notes, or bills, without their express authority, might be questioned; *1521 “ but it is well settled that persons employed to manage ¡plantations, or “ to administer other property for their principals, have no such “ right.” Citing Laplante vs. Briant, 13 Ann., 566; Avery vs. Lawes, 1 Ann., 457; Nugent vs. Hickey, 2 Ann., 358; Robertson vs. Levy, 19 Ann., 327; Nall vs. Higginbotham, 21 Ann., 477.
It is, also, claimed, on behalf of plaintiffs, that the declaration, contained in the act of mortgage executed by the alleged agent, that he was acting under a power of attorney sufficient for the purposes of the act, is conclusive of the existence of such power of attorney, even although the same was not annexed, is not otherwise shown to have existed, and although, in the instant case, the preponderance of proof leads to the conclusion that it never did exist. If this doctrine should be maintained it would only be necessary for a man to go before a notary and declare himself to be the duly authorized agent of another in order to enable him to alienate or mortgage the property of such other and leave the latter without recourse. The proposition is not sustained by the decisions in Succession of Lehman, 41 Ann., 987; and Rouyer et al vs. Carroll, 47 Ann., 768, to which we have been referred, and is untenable.
It is further said that “a principal, who by his silence and conduct “ is presumed to be aware of. his agent’s unauthorized acts and does not “ disavow them, will be held to have ratified them,” and evidence was tendered to show ratification by the defendants now before the court, but the same was excluded, on the ground that it was not admissible under the pleadings. We are of the opinion that the ruling was correct. This action is distinctly'based upon the proposition that the defendants became bound by reason of a contract entered into on their behalf by their duly authorized agent; and, to permit the introduction of the evidence tendered, would have been to allow the plaintiffs to shift their ground of action and claim upon the basis of the defendants’ acquiescence in an act for the purposes of which their agent was wholly unauthorized.
The position of Lawrence H. Pugh is materially different from that of the other defendants by reason of the fact that he signed the act of mortgage as a party thereto. That being the case, the act, itself, by reciting that his agent was authorized to execute both the note and the mortgage, conferred such authority, though it had not been conferred before. In Jonau vs. Blanchard, 2 R. 513, it appeared that the father of a minor entered into a contract of commercial partnership on behalf *1522 of said minor, who had not been previously emancipated; and, the contract being in the form of an authentic act, the court said: “He “thereby clearly intended to give her the necessary authorization to “ enter into a partnership. This authorization was equivalent to an emancipation. Whatever words he may have used, effect must be given “ to his intention, if expressed, as in this case, in an act clothed with the necessary solemnities.”
Applying the principles thus enunciated to the instant case, there was no more reason why the iffaintiff should have especially pleaded the estoppel which prevents this defendant from denying what he had, by solemn act, asserted to be true, than there would have been, if the power of attorney referred to in said act had, in reality, been attached to it. The necessity for urging the estoppel arises only from the attempt of the defendant to disregard it, which attempt, the plaintiffs were under no obligation to anticipate.
“One need not allege matter whose materiality depends upon his “ opponent’s plea.” West vs. McConnell, 5 La., 427.
As urged, the estopipel was properly maintained. Even a witness to an act of mortgage is bound by it, in the absence of fraud or error. C. C. 3342, 3343, 3344; Reinach & Oteri vs. Improvement Co., 50 Ann., 497.
It is claimed on behalf of this defendant, that, inasmuch as the plaintiffs acquired the note in question after maturity, he should have been allowed to plead “all existing equities,” and his counsel complain that evidence tendered by them in support of such pleas was excluded. We find nothing in the record to indicate that the defendant was denied the right to plead any equities that he though proper. The ruling of the court, as we understand it, was upon the admissibility of evidence offered, with no other plea to sustain it than a general denial; and that ruling was correct, since it is well settled that want, or failure of consideration must be especially pleaded in a suit on a promissory note, as in the case of any other valid contract importing consideration. Langstaff vs. Lees, 11 Ann., 271; Kennedy vs. New York Ins. Co., 10 Ann., 809; Kathman vs. General Ins. Co., 12 Ann., 35. The counsel seem to admit the correctness of this doctrine in another part of their brief, in which they say: “There was no evidence, and could “ be none under the pleadings, to show a ratification of the making of “these notes; and there was nothing shown, and nothing could be *1523 “shown under the pleadings, as to the consideration. The question “ was merely on the plea of non est factum ”
We agree to this, as did the judge of the court a qua, but we can not agree, that, with such an admission, the learned counsel have left themselves any room, in which to argue that they ought to have been permitted to prove want, or failure, of consideration.
As to L. H. Pugh, therefore, we have an authentic act, to which'he was a party, and which declared, at the moment of their execution, that William W. Pugh was specially authorized, on his behalf, to execute the note and mortgage here sued on; and we have the note and mortgage, both importing consideration, in evidence, and no plea of want of consideration set up in defense. Under these circumstances, the argument, predicated upon the theory of this defendant’s having been the agent of the person from whom the plaintiffs acquired the note, has nothing to rest on, since so far as the defendant was concerned, Wm. W. Pugh acted as his agent by virtue of the mandate which was at once described and contained in the act of mortgage, and, so acting, made him liable to his supposed principal, and to the subsequent holder of the note, in the manner, and to the extent, as declared in that act and in the said note, which was identified with it.
Plaintiff’s counsel insists that the defendants, if liable at all, are liable in solido, and hence, that L. H. Pugh should be held for the whole amount claimed. We are unable to concur in this view. It is quite true that, if each of the defendants had signed the note in question, reading, “I promise to pay,” etc., they would have been liable in solido, but solidarity is not presumed, and the language, “I promise,” etc., is that of W. W. Pugh, speaking for his constituents, collectively.
The judgment appealed from, rejecting the demand against the other defendants, held L. PI. Pugh liable for his virile proportion of the amount claimed, and subjected his interest in the mortgaged property to the payment thereof. There is nothing in this judgment, as we construe it, which would prevent the plaintiffs from claiming from the defendants, thus released, upon the basis of money advanced and inuring to their benefit, or which would prevent the defendants from opposing such a claim by any defenses to which they might be entitled. A s was said in the opinion in a case already cited: “The manager of a plantation, having authority to obtain advances from a merchant, might get such advances through the medium of drafts, and, though *1524 “ the principal might not be bound as drawer, yet he would be bound “ for the money advanced, just as if it had been remitted upon a “ request contained in a letter, or otherwise.”
Folger & Co. vs. Peterkin, 39 Ann., 815.
It is.therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed at the cost of the appellants.
The Chief Justice takes no part in this opinion and decree.
Rehearing refused.