## HARRIS v. MONROE BUILDING & LOAN ASS'N.*
### No. 4524.

Court of Appeal of Louisiana.
Second Circuit.

June 5, 1933.

Elder & Elder, of Ruston, for appellant.

Hudson, Potts & Bernstein, of Monroe, for appellee.

MILLS, Judge.

Plaintiff alleges that she is the owner and holder of seventy-five shares of a par value of $200 per share, of full paid dividend stock in the Monroe Building & Loan Association, a Louisiana corporation organized under its laws relating to building and loan or homestead associations. That the obligations to her of the defendant company are set out in the stock certificate representing said shares which reads as follows:

"Full Paid Dividend Stock

"The Monroe Building & Loan Association

of

"Monroe, Ouachita Parish, Louisiana.

"This is to certify, that Mrs. Young A. Harris is entitled to ——— shares of the Full Paid Dividend Stock of the Monroe Building and Loan Association, of Monroe, Ouachita Parish, Louisiana, for which she has paid in cash the sum of ——— Dollars. This stock is issued under special authority granted by the following amendment to the Charter of this Association, adopted at a general Stockholders' meeting, held on December 3rd, 1895:

" 'The Board of Directors shall have the power at any time they deem it to the interest of the Association, to sell Full Paid Dividend Stock in addition to the Series Stock provided for in Article Four of this Charter. This dividend Stock shall be issued in Shares of $200 each, and shall be sold for not less than the par value of $200 in cash per share, in such amounts and at such times as the Board of Directors may direct. A dividend of one dollar ($1.00) shall be paid monthly on each share of $200 of this Stock to the holder of same, and said Stock shall not participate in any other way in the earnings or profits of this Association, each share of two hundred dollars being entitled to one vote.

" 'In order to accommodate small investors the Board of Directors may issue this Stock in fractional parts of one-half or one-quarter share, and said fractional parts shall enjoy in like proportion the benefits enjoyed by full shares, two half shares or four quarter shares being equal to one full share. This Dividend Stock can be transferred on the books of the Association under the same conditions and requirements governing the transfer of Series Stock.

" 'The holder of said Dividend Stock shall have the right to withdraw same at any time by giving the Association sixty days' notice in writing, and shall be paid in cash, as the withdrawal value of same, the full face value of said Stock, together with any accrued and unpaid dividends provided that the Board of Directors shall not be required to use more than one-half of the receipts of the Association towards paying off this class of stock.

The Board of Directors shall also have the right to call in and retire this Dividend Stock any time they deem it to the interest of the Association, paying to the holder of same the full face value of said Stock and any accrued and unpaid dividends.

" 'The number of shares of Dividend Stock outstanding at any time shall not exceed the total number of shares of Series Stock outstanding in all the series.

" 'Nothing in this amendment shall be construed as affecting or changing in any way the Series Stock of this Association.'

"The holder of this Certificate has accepted same subject to the existing and hereafter enacted provisions of the Charter and By-Laws of this Association not in conflict with the foregoing Amendment. The monthly dividends on this stock will be paid as they become due to the owner or holder of same, as shown by the books of this Association, without requiring the presentation of this Certificate, unless otherwise specially instructed in writing and said payment shall be deemed a full and complete discharge of all liability of this Association thereunder.

."Special notice to this effect is hereby given to any holder of this Certificate.

"This stock is transferable on the books of the Association on the presentation of this Certificate according to the By-Laws.

"In witness whereof, the seal of said Association and the signatures of the President and Secretary are hereto affixed at Monroe, Louisiana, this the ――― day of ―――. 1926.

"[Seal]

"[Signature] Secretary [Signature] President
"Shares $200 each."

Plaintiff alleges that, though amicably demanded, the defendant company has failed to pay on the seventy-five shares held by her, the $1 per share for the months of July, August, and September in the year 1932, and is accordingly indebted unto her in the sum of $225, for which she prays judgment, with the reservation of the right to sue for future payments.

Defendant filed a plea of estoppel on the ground that the stock of plaintiff has been placed on the withdrawal list and that she can therefore only sue this association for a violation of the provisions of Act No. 140 of 1932, or to enforce the provisions of that statute.

The minutes of the lower court show "Plea of estoppel argued and sustained."

The only judgment appearing in the record is one sustaining an exception of no cause or right of action.

■ The record fails to contain the evidence adduced on the trial of the plea of estoppel. It therefore appears that the only plea filed by defendant in the lower court has never progressed to judgment and that plaintiff's suit was dismissed upon an exception which was never filed. We do not pass upon the plea of estoppel. Necessarily the judgment rendered must be reversed.

Defendant has filed in this court an exception of no cause or right of action. The basis of the exception is that plaintiff is a stockholder in, and not a creditor of, the association; that the monthly payment provided for in the stock certificate is a dividend or at most a debt payable only out of its earnings, or profits; that the petition contains no allegation that there are any earnings or profits out of which the amount claimed is payable. Counsel for plaintiff admit that the omission would be fatal if she were an ordinary stockholder suing for a dividend.

■ The plaintiff is not a borrower or beneficiary of the association. She has paid in for the use of the association her cash money in return for its unconditional, unqualified promise to pay her $1 monthly on each share of $200, the equivalent of 6 per cent. per annum. For this unqualified promise she agrees that she shall not participate in any other way in the earnings or profits of the association. But Act No. 280 of 1916, amending section 14 of Act No. 120 of 1902, provides: " * * * No association shall declare and pay greater dividends on full paid withdrawable stock or permanent stock than is declared and paid on installment or current stock."

Unquestionably this applies to plaintiff's stock. It would therefore appear that plaintiff, at any particular time, cannot be paid a greater proportionate sum than the dividend paid the holders of other classes of stock. This is true under the terms of the act, whether the holder of paid-up stock is called a stockholder or a creditor, or whether the payment is called a dividend or a payment on account.

■ If, under the restrictions of above act, the holder of paid-up stock receives less than the $1 per share, the payment of the smaller sum would not discharge the obligation. The association would remain indebted for the deficiency, to be paid out of future dividends or profits as they accrue provided always the payment does not exceed that made at the time to the holders of ordinary stock.

■ Plaintiff is not in the position of an ordinary stockholder suing for an uncertain dividend. Being the holder of an unqualified promise to pay a certain sum on a certain date, she states a cause of action when her petition is drawn in accordance with the terms of defendant's written obligation.

■ An ordinary stockholder suing for a dividend must allege the existence of earnings or profits out of which it may be paid because the obligation to pay is dependent

upon the existence of such a fund. In the present case the obligation is complete, but the law decrees that payments on it must be proportionate to other payments. We therefore think that defendant's inability to pay in whole or in part is a matter of defense; that plaintiff is not required to audit defendant's books and prove its ability to pay before suing on the existing obligation.

The exception of no cause or right of action filed in this court is overruled. The judgment appealed from is reversed, and the case remanded to the lower court to be proceeded with according to law.