For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.

169 So. 343

HARRIS v. MONROE BUILDING &
LOAN ASS'N.

No. 33086.

April 29, 1935.

On rehearing June 30, 1936.

Hudson, Potts & Bernstein, of Monroe, Scott E. Beer, of New Orleans, Blanchard, Goldstein, Walker & O'Quin, of Shreveport, and Carroll, McCall, Plough & Carroll, A. D. Danziger, Legier, McEnerny & Waguespack, Roger Meunier, Hyman Mithoff, D. J. Murphy, Spearing & McClendon, Percival H. Stern, Delvaille H. Theard, and Weiss, Yarrut & Stich, all of New Orleans, for applicant.

Elder & Elder, of Ruston, and A. Giffen Levy and Alex. W. Swords, both of New Orleans, for respondent.

HIGGINS, Justice.

We granted a writ of certiorari in this case on the application of the Monroe Building & Loan Association, a corporation organized and existing under the laws of this state. in order to review the judgment of the Court of Appeal, Second Circuit, which reversed the decision of the district court and held that sections 55 and 76 of Act No. 140 of the Legislature of 1932 (generally known as the Louisiana Building Association Act) were unconstitutional. 154 So. 503.

Since granting the writ we had occasion to consider the question of the constitutionality of section 55. In the case of Treigle v. Acme Homestead Ass'n, 181 La. 941, 160 So. 637, 98 A.L.R. 69, we held that it was constitutional on the ground that building and loan associations are created and authorized, under the laws of this state, to engage in a quasi-public business and are, therefore, subject to reasonable regulation from time to time by the state through the Legislature; and that there was no impairment of a vested right or contractual right of the owner of full-paid shares of dividend stock, because the provisions of this section were reasonable and not arbitrary or discriminatory. All of the contentions made in the instant case were also urged in the above-cited case, which is decisive of all issues here presented with reference to section 55. It is conceded by the plaintiff that if section 55 of the act is held to be constitutional that her suit should be dismissed. It is therefore unnecessary to consider whether or not section 76 of the statute providing for a ninety day prescriptive period is constitutional.

For the reasons assigned, the judgment of the Court of Appeal is annulled, and plaintiff's suit is dismissed, at her cost.

## On Rehearing.

ROGERS, Justice.

Alleging that she is the owner of 75 shares of the par value of $200 a share of its full-paid dividend stock, plaintiff sued the Monroe Building & Loan Association for $225, as the unpaid dividends due on the stock for the months of July, August, and September, 1932. Without answering to the merits, the defendant filed a plea of estoppel, alleging that as plaintiff had plac-

ed her stock on the withdrawal list she was estopped from suing the association, except for a violation or enforcement of the provisions of Act No. 140 of 1932. Specifically, the plea of estoppel was based on section 55 of the statute.

As shown by the minutes of the district court, the plea of estoppel, after argument by the parties, was sustained. But the formal judgment as prepared and signed sustained an exception of no right or cause of action and dismissed plaintiff's suit. On plaintiff's appeal from the judgment, the Court of Appeal for the Second Circuit called attention to the error and declared that it could not pass on the plea of estoppel and that, necessarily, the judgment rendered on an exception of no right or cause of action which was never filed must be reversed. See Harris v. Monroe Building & Loan Association, 148 So. 489, 490.

However, defendant filed an exception of no right or cause of action in the Court of Appeal, on the ground that plaintiff is a stockholder, not a creditor, of the association; that the monthly dividend provided for in the stock certificate is payable only out of its earnings or profits; and that the petition failed to show that there were any earnings or profits out of which the amount demanded by plaintiff was payable.

The Court of Appeal considered the exception filed on the appeal and ruled that plaintiff is not in the position of an ordinary stockholder suing for an uncertain dividend, but is the holder of an unqualified promise to pay a certain sum on a certain date; and hence, as her petition was drawn in accordance with the terms of defendant's written obligation, plaintiff stated a cause of action. The court, however, held, although it was complete, payments on the obligation must be proportionate to the other payments, under the provisions of Act No. 280 of 1916, amending section 14 of Act No. 120 of 1902. And that, therefore, the defendant's inability to pay, either in whole or in part, was a matter to be urged as a defense on the merits, and not by way of exception. Accordingly, the court overruled the exception and remanded the case for further proceedings. 148 So. 489, 491. The Monroe Building & Loan Association then applied for certiorari or writ of review. Without passing on the correctness vel non of the ruling of the Court of Appeal, this court refused to grant the writ, on the ground that the ruling did not finally dispose of the case. Harris v. Monroe Building & Loan Association, No. 32548 of the docket of this court (Certiorari or Writ of Review denied Oct. 3, 1933).

On the remand of the case, the defendant renewed its plea of estoppel, which was again sustained by the district court. From the judgment sustaining the plea and dismissing her suit, plaintiff appealed to the Court of Appeal for the Second Circuit. When the case reached the appellate court, defendant filed a plea of prescription, acquiescence, waiver, and repose, basing the plea on section 76 of Act No. 140 of 1932.

As shown by the opinion of the Court of Appeal, the plea filed by defendant in that court based on section 76 of Act No. 140 of 1932 was not discussed in the briefs of the parties and only slight mention was made of it on the argument. The court

itself made some general observations in its opinion concerning the plea, in which it indicated that the statutory provision invoked was not binding on plaintiff. However, no judgment was rendered by the court on the issue sought to be raised by the plea; nor could it have been, as we shall show hereafter. The decision of the Court of Appeal was predicated entirely on the judgment of the district court, sustaining defendant's plea of estoppel. The court discussed that plea at length, reaching the conclusion that the judgment of the district court based thereon was erroneous. The decree of the Court of Appeal reads as follows, viz.: "It is now ordered, adjudged, and decreed that section 55 of Act No. 140 of 1932 is unconstitutional and without effect in so far as it attempts to affect shareholders who acquired their stock or listed same for withdrawal prior to the passage of said act. The plea of estoppel is overruled, and the case is remanded to the lower court to be proceeded with in accordance with law," etc. See Harris v. Monroe Building & Loan Association, 154 So. 503, 507.

On application of the Monroe Building & Loan Association, this court granted a writ of review for the purpose of reviewing the judgment of the Court of Appeal, holding that section 55 of Act No. 140 of 1932 is unconstitutional.

On the original hearing of the case, we annulled the judgment of the Court of Appeal on the authority of the case of Treigle v. Acme Homestead Association, 181 La. 941, 160 So. 637, 98 A.L.R. 69, wherein, after a lengthy discussion of the question,

we reached the conclusion that section 55 of Act No. 140 of 1932 is constitutional, and so held. But on plaintiff's appeal, our judgment was reversed by the Supreme Court of the United States, which held that section 55 of Act No. 140 of 1932 was unconstitutional, as impairing the obligation of the contract of Mrs. Harris and depriving her of vested property rights without due process of law. No question of waiver or estoppel under section 76 of Act No. 140 of 1932 was discussed or decided by the Supreme Court of the United States, because, as the court was careful to point out in its opinion, "The appellant instituted his suit within the ninety-day period." Treigle v. Acme Homestead Association, 297 U.S. 189, 56 S.Ct. 408, 410, 80 L.Ed. 575, 101 A.L.R. 1284.

Following the decision of the Supreme Court of the United States in the Treigle Case, we granted a rehearing in this case, and the issue presented herein is now before us for further consideration.

It is argued on behalf of the Monroe Building & Loan Association that the decision of the United States Supreme Court in the Treigle Case has no bearing upon or relation to the issues involved in this case and in no way detracts from the soundness of our judgment rendered on the original hearing.

It is contended that the dismissal of plaintiff's suit should be affirmed for the following reasons, viz.:

1. Plaintiff has waived any right she may have had to contest the constitutionality of Act No. 140 of 1932, which Act presents a complete bar to her recovery.

2. The plea of prescription or repose directed against plaintiff's attack upon the constitutionality of Act No. 140 of 1932 is well founded, and should be sustained as an absolute bar to plaintiff's recovery.

3. Irrespective of Act No. 140 of 1932, plaintiff's petition fails to state a cause of action, and such exception should have been, and should now be, sustained and plaintiff's suit dismissed.

We shall briefly discuss the foregoing contentions in the order of their statement.

■ 1. Relator contends that plaintiff should have alleged the unconstitutionality of Act No. 140 of 1932 in her petition, and that, not having done so, she waived her right to contest the constitutionality of the statute when its provisions were pleaded in bar of her suit.

We do not find any force in the contention. Plaintiff promptly filed her suit after the enactment of Act No. 140 of 1932 to enforce certain rights which she claimed under a prior statute as part of her contract, which rights the new statute sought to abolish. Plaintiff's action was well calculated to raise the question of the constitutionality of Act No. 140 of 1932, because it was almost certain that the defense to the suit would be based on the provisions of that statute. But plaintiff was not required to anticipate in her petition the defense which defendant might choose to adopt. West v. McConnell, 5 La. 424, 427, 25 Am.Dec. 191; Reinach v. New Orleans Improvement Co., 50 La.Ann. 497, 23 So. 455; Lafourche Transp. Co. v. Pugh, 52 La.Ann. 1517, 27 So. 958. Under plain-

tiff's theory of the case, the new statute formed no part of her cause of action. All that she was required to do was to set forth her cause of action, leaving to defendant the right to set up such defenses thereto as it might deem proper. When defendant set up its defense based upon certain provisions of the statute, plaintiff's objections to the constitutionality of the statutory provisions were sufficient to raise the question for judicial determination.

■ 2. Relator further contends that under section 76 of Act No. 140 of 1932, plaintiff's right to attack the constitutionality of the statute is barred by her failure to do so within ninety days after its enactment.

The Court of Appeal did not adjudicate on the constitutionality of section 76 of Act No. 140 of 1932. It used some language indicating that in its opinion the statutory provision was invalid. But its statement was a mere dictum, unsupported by the citation of any authority. No reference was made by the court to any pertinent jurisprudence nor to any relevant statutory provision on the subject. Moreover, the Court of Appeal was not, nor is this court, in a position to determine the suggested issue, because, as disclosed by the record, plaintiff's suit was actually instituted within the ninety days' delay stipulated in section 76 of Act No. 140 of 1932 for the institution of suits attacking the constitutionality either of the waivers provided for or any other provision of the statute.

The relator concedes that plaintiff's suit was filed within ninety days after the enactment of Act No. 140 of 1932, but contends

that section 76 of the statute is applicable, because the unconstitutionality of the statute was not raised until after the ninety days' delay had expired.

We do not think that relator's contention can be sustained. Plaintiff by filing her suit asserting her rights under a prior statute clearly indicated her refusal to be governed by the provisions of the later statute depriving her of those rights—whether its provisions were wholly invalid or merely inapplicable. As hereinabove stated, plaintiff was not required to anticipate the defense which would be set up in answer to her demand. When defendant filed its plea of estoppel based on the provisions of Act No. 140 of 1932, which was within ninety days after the enactment of the statute, and plaintiff objected that the statute invoked was unconstitutional, defendant's plea, together with plaintiff's objection, and the original petition, raised the question of the constitutionality vel non of Act No. 140 of 1932. All the pleadings and objections necessary to completely raise the issue must be construed together as one act, which became operative when the first of the series of pleadings and objections constituting the act was taken, namely, the filing of the original petition.

■ 3. Relator's final contention is that, irrespective of the provisions of Act No. 140 of 1932, plaintiff's petition fails to state a cause of action. But that issue is not presently before us for review. It was previously passed on by the Court of Appeal (148 So. 489, 491), and this court refused to review the ruling, on the ground that it had not finally disposed of the case. It will be time enough for us to consider the plea when and if the case should reach this court after its final disposition in the courts below.

■ In view of the decision of the Supreme Court of the United States in the case of Treigle v. Acme Homestead Association, hereinabove referred to, the judgment of the Court of Appeal for the Second Circuit under review herein is correct and must be affirmed.

For the reasons assigned, our original decree is recalled, and it is now ordered that the judgment of the Court of Appeal, Second Circuit, under review, decreeing that section 55 of Act No. 140 of 1932 is unconstitutional so far as it attempts to affect shareholders who acquired their stock or listed same for withdrawal prior to the passage of said act, overruling the plea of estoppel and remanding the case, be and the same is hereby affirmed, at relator's cost.