I2GOTHARD, Judge.
Defendant, USAA Casualty Insurance Company, appeals a judgment which ordered it to pay $61,798.41 to plaintiff, Douglas Ca-hoon. We amend the judgment and, as amended, affirm.
STATEMENT OF THE CASE
Following a seven year marriage, Douglas and Carla Cahoon separated in April of 1987. Mr. Cahoon moved out of the couple’s Me-tairie home and relocated in Mobile, Alabama. At the time of the separation and until July 18, 1987, the defendant USAA Casualty Insurance Company (“USAA”) insured the Metairie home and its contents under a homeowner’s policy. The named insureds were Douglas and Carla Cahoon.
13In July of 1987, Douglas Cahoon informed USAA that he no longer resided in the Metairie home but that he still wanted to protect his interest in the house. Meanwhile, Carla Cahoon stated that she wanted to retain the existing policy because she continued to reside in the house. Thereafter, on July 18, 1987, USAA changed the policy and designated Carla Cahoon as the named insured and Douglas Cahoon as an additional insured.
Some eight days later, on July 25, 1987, the house and its contents were damaged by a fire. The homeowner’s policy issued by USAA contained three separate and distinct coverages which were applicable to the damage caused by the fire. Thus, USAA issued checks for $68,248.99 for the damage to the house, $62,138.41 for the damage to the contents of the house, and $5,224.75 for additional living expenses. However, these cheeks were issued only to Carla Cahoon; that is, although Douglas Cahoon was an insured under the policy, he did not receive any money from USAA.
Subsequently, on September 27, 1988, Douglas Cahoon filed a petition for partition of community property. In the petition, he also sought a money judgment against USAA *536 for failing to pay him under the homeowner’s policy. On May 20, 1993, the trial court ruled in favor of the plaintiff Douglas Cahoon and rendered judgment against USAA for all monies paid to Carla Cahoon pursuant to the homeowner’s policy. Further, the trial court ruled that USAA would be allowed a credit against the judgment for all payments made which either benefitted Douglas Cahoon or were for the separate property of Carla Ca-hoon.
On February 9, 1994, the trial court rendered judgment regarding the amount of the credit which USAA would be allowed to take. The court held that UDouglas Cahoon had received full benefit from the payments made for the damage to the dwelling ($68,248.99) and for living expenses ($5,224.75). The court then concluded that USAA owed Douglas Cahoon $61,798.41, which was the sum paid for damage to the contents of the house.[1] From this judgment, the defendant USAA has appealed.
The only issue before us involves the payment made by USAA under the coverage for damage to the contents of the house. In this regard, USAA asserts the following errors by the trial court: the court erred in failing to find that Douglas Cahoon tacitly ratified Carla Cahoon’s use of the proceeds from the contents coverage; the court erred in failing to find that Carla Cahoon’s use of the proceeds from the contents coverage benefitted Douglas Cahoon; and, finally, the court erred in awarding Douglas Cahoon the entire amount of the proceeds paid under the contents coverage as opposed to an undivided one-half interest of the proceeds.
ANALYSIS
We begin by addressing the trial court’s decision to award Douglas Cahoon the full amount of the proceeds paid by USAA under the contents coverage. The homeowner’s policy was purchased while a community property regime still existed between Douglas and Carla Cahoon. La.C.C. art. 2360 provides that “[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation.” Here, the homeowner’s policy was | spurchased for the common interest of the spouses and thus was a community obligation. Therefore, any proceeds deriving from the policy were also community. See Harmon v. Harmon, 617 So.2d 1373, 1376 (LaApp. 3d Cir.1993). Accordingly, Douglas Cahoon was entitled to no more than his undivided one-half interest in the proceeds paid under the contents coverage, or $30,-899.21.[2] Thus, the trial court erred in awarding the plaintiff $61,798.41, the full amount paid out under the contents coverage.
Next, USAA argues that the trial court erred in failing to find that, with the exception of $4,038, Carla Cahoon’s use of the contents coverage proceeds was proper and/or benefitted Douglas Cahoon. USAA’s argument is premised on the rule that a party may not recover for breach of contract unless it has proved that it has sustained damages. Achord v. Smith, 451 So.2d 1315, 1317 (La.App. 1st Cir.1984).
The record reveals that Carla Cahoon prepared a list of the contents of the house which were damaged in the fire. At trial, she reviewed this list and described which items she had repaired or replaced using the insurance proceeds, and how much each cost. At the conclusion of her review of the list, Carla Cahoon testified that only $4,038 of the proceeds had not been used to repair or replace damaged contents of the house. Based upon our review of the record, we find that Carla Cahoon’s list of the contents damaged and her testimony regarding the cost of repairing or replacing each item is uncontro-verted.
[(¡The question, then, is whether Carla Ca-hoon’s repairing or replacing the damaged contents can be said to have benefitted Doug *537 las Cahoon. As the plaintiff notes in his brief, there is a presumption, unrebutted in this ease, that all of the contents of the house before the fire were community property. La.C.C. art. 2340. The Civil Code does not specifically address the situation before us, namely where one spouse acting alone has repaired or replaced damaged items of community property. However, the Civil Code does provide general guidance for resolving this dispute. For example, La.C.C. art. 2346 provides that “[e]ach spouse acting alone may manage, control, or dispose of community property_” Further, in regards to co-owners in indivisión, La.C.C. art. 804 states that “[s]ubstantial alterations or substantial improvements to the thing held in indivisión may be undertaken only with the consent of all the co-owners.”
Here, the uncontroverted evidence in the record is that Carla Cahoon used the majority of the insurance proceeds to repair or replace community items. That is, Carla Cahoon did not purchase separate property with the proceeds, nor did she make substantial alterations to the community property. Thus, her repair and replacement of the damaged items was a proper use of the proceeds and one that benefitted Douglas Ca-hoon, as he had an undivided one-half ownership interest in the items repaired or replaced. The trial court erred in finding to the contrary. Because Douglas Cahoon ben-efitted from Carla Cahoon’s use of the proceeds, he did not sustain damages from USAA’s breach, other than in the amount of the $4,038 which was not used to repair or replace community assets.
Finally, USAA argues that Douglas Cahoon tacitly ratified Carla Cahoon’s use of the contents coverage proceeds. La.C.C. art. 1843 provides that tacit ratification occurs when a person, with knowledge of an obligation incurred on Uhis behalf by another, accepts the benefit of that obligation. See Frazier v. Harper, 600 So.2d 59, 62 (La. 1992). We find that tacit ratification is inapplicable in this situation. Instead, we feel that USAA must bear the burden of having failed to name the plaintiff as a payee on the insurance checks.
Based on the foregoing, we amend the judgment and award Douglas Cahoon $2,019. This sum represents his one-half community interest in the proceeds of the contents coverage from which he did not receive a benefit.
AMENDED AND AFFIRMED.

. The court subtracted $340 paid for the destruction of property owned by a third party.

. The plaintiff acknowledged as much in a memorandum to the trial court dated December 30, 1993. In this memorandum, Douglas Cahoon argued that the insurance proceeds were community assets and that therefore he was entitled to one-half of those proceeds.